UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JERMAINE FILMORE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
FRANCK EMMANUEL, shield#21633, POLICE
OFFICER CHANTILE DAVIS, shield #21305, POLICE
OFFICER RAUL DUENO, shield #19800, SERGEANT
CAROLYN BATTLE, shield #3358, FIRE
DEPARTMENT EMPLOYEES ANDREW HALEY,
shield #4256, RICHARD ALICEA II, shield #4347, and
LIEUTENANT JOEEL ZEPEDA, shield #356,

Defendants.

---------------------------------------------------------------------- x

**FIRST AMENDED**
**COMPLAINT**

11 CV 5125 (ARR)(CLP)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      Plaintiff, a security guard at the Brooklyn Public Library, brings this civil rights action against the City of New York, New York City Police Officers of the 78th Precinct ("NYPD defendants") and three New York City Fire Department Employees ("FDNY defendants") alleging that, on July 22, 2011, at approximately 3:30 p.m., defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting him and using unreasonable force on him in Brooklyn while he was working . Plaintiff was released from custody directly from the precinct the same day at approximately 10:00 p.m.. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims false arrest, assault, battery and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      With respect to plaintiff's state law claims against the City, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7.      Plaintiff is a resident of the Bronx.

8.      The City of New York is a municipal corporation organized under the laws of the State of New York

2

9.      The individual NYPD defendants are members of the New York City Police Department.  The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times.  The NYPD defendants are sued in their individual capacities.

10.     The individual FDNY defendants are members of the New York City Fire Department.  The defendants were acting under color of state law and in their capacities as members of the FDNY at all relevant times.  The FDNY defendants are sued in their individual capacities

## STATEMENT OF FACTS

11.     On July 22, 2011, at approximately 3:30 p.m., plaintiff was working at his job as a security guard at the Brooklyn Public Library when he was falsely arrested by the NYPD defendants after getting into a car accident in the vicinity of Union Street between 7th and 8th Avenues in the Park Slope section of Brooklyn.

12.     At all relevant times, plaintiff was in compliance with the law and did not commit any crimes or violations.

13.     In the course of arresting plaintiff, the NYPD and FDNY defendants, acting in concert, threw plaintiff to the ground, dragged plaintiff, pushed a knee into his back, pushed plaintiff's face into the ground and intentionally handcuffed plaintiff excessively tight.

14.     Defendants' actions caused plaintiff to suffer pain and injuries.

15.     The NYPD defendants took plaintiff to the 78th precinct.

16.     At the precinct, defendant FRANCK EMMANUEL, with the approval and knowledge of the other individual NYPD defendants, misrepresented to the District Attorney's office that plaintiff obstructed governmental administration and acted in a disorderly manner.

17.     The NYPD defendants then arranged for plaintiff to be taken to New York Methodist Hospital in Park Slope for treatment of his injuries.

18.     Plaintiff was brought into the hospital in handcuffs and leg shackles.

19.     After receiving treatment, plaintiff was brought back to the precinct and later released without charges at approximately 10:00 p.m.

20.     The District Attorney declined to prosecute plaintiff.

21.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, humiliation, pain and physical injuries and damage to his reputation.

## FIRST CLAIM

### (FALSE ARREST)

22.     Plaintiff repeats the foregoing allegations.

23.     At all relevant times, plaintiff did not commit a crime or violation.

24.     Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

25.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

26.     Plaintiff repeats the foregoing allegations.

4

27.     Defendants' use of force upon plaintiff or their failure to intervene to prevent the use of force on her was objectively unreasonable and caused plaintiff pain and injury.

28.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (FAILURE TO INTERVENE)

29.     Plaintiff repeats the foregoing allegations.

30.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

31.     Accordingly, defendants are liable to plaintiff under the Constitution for not intervening to prevent the violation of plaintiff's rights.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

32.     Plaintiff repeats the foregoing allegations.

33.     The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

34.     The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

35.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, especially narcotics officers, are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

5

36.    In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

37.    Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

38.    The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**FIFTH  CLAIM**

**(FALSE ARREST UNDER STATE LAW)**

39.    Plaintiff repeats the foregoing allegations.

40.    At all relevant times, plaintiff did not commit a crime or violation.

41.    Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

42.    Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

**SIXTH CLAIM**

**(ASSAULT)**

43.    Plaintiff repeats the foregoing allegations.

44.    Defendants' use of force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

6

45.    Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

46.    Plaintiff repeats the foregoing allegations.

47.    Defendants' physical attacks upon plaintiff were offensive and nonconsensual physical contacts which injured him.

48.    Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## EIGHTH  CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

49.    Plaintiff repeats the foregoing allegations.

50.    The individual defendants were acting within the scope of their employment as members of the NYPD and FDNY when they falsely arrested, assaulted and battered plaintiff.

51.    Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for the aforesaid torts.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Attorney's fees and costs;

d.    Such other and further relief as the Court may deem just and proper.

DATED:        July 12, 2012

/s/
_____

IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(646) 239-4330
(718) 624-9391